UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERMIT DUANE HAYDEN,

        Petitioner,

v.                                              CASE NO. 09-CV-13134
                                                HON. JOHN CORBETT O'MEARA

BUREAU OF PRISONS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

I.     Introduction

      Kermit Duane Hayden ("Petitioner"), a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan who is also subject to a federal sentence, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his federal sentence and naming the Federal Bureau of Prisons ("BOP") as the respondent to this action. Petitioner states that he completed a 12-month state sentence on August 10, 2007 and was placed in the federal detention section of the Sanilac County Jail to began serving a 69-month federal sentence (imposed by United States District Judge Sean F. Cox following a plea in this district). Petitioner says that he was subsequently transferred to the Milan Detention Center and designated for placement at a federal facility in the Mid-Atlantic Region. In December, 2007, however, he was brought before the Wayne County Circuit Court on state charges. He was ultimately found guilty of state parole violations in January, 2008 and returned to state prison. Petitioner remains in state custody with a maximum discharge date of August 25, 2011. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"). Petitioner states that

1

he is subject to a federal detainer and that his federal sentence will begin/resume upon completion of his state parole violation term of imprisonment.

In his pleadings, Petitioner asserts that the BOP violated his due process rights by returning him to state authorities and improperly interrupting his federal sentence, thereby requiring that it be served in installments. He requests that the Court either terminate his federal sentence or order that it be served concurrent to his state sentence. For the reasons stated herein, the Court finds that this action is premature and that Petitioner has failed to exhaust available administrative remedies before seeking federal habeas review. The Court shall therefore dismiss without prejudice the petition for a writ of habeas corpus.

II.   Discussion

Petitioner seeks habeas relief from this Court pursuant to 28 U.S.C. § 2241. Section 2241 is the appropriate vehicle for a federal prisoner to challenge the manner in which his sentence is being executed. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Hacker v. Federal Bureau of Prisons*, 450 F. Supp. 2d 705, 709 (E.D. Mich. 2006) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Petitioner, however, is not presently in federal custody, which is a prerequisite to the application of § 2241. *See* 28 U.S.C. § 2241(c)(1) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless ... [the prisoner] is in custody under or by color of the authority of the United States or is committed for trial before some court thereof"). His action before this Court is therefore premature. Petitioner may pursue a challenge to the execution of his federal sentence under 28 U.S.C. § 2241, but he may only do so when he is returned to federal custody. *See Stevenson v. United States*, 495 F. Supp. 2d 663, 666 (E.D. Mich. 2007); *see also United States v. Bradford*, 623 F. Supp. 2d 849 (E.D. Mich. 2009). The proper respondent for such an action will be the warden of the federal facility in which he is imprisoned. *See Rumsfeld v.*

*Padilla*, 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 499-500 (1973); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *Stevenson*, 495 F. Supp. 2d at 666.

Additionally, Petitioner has neither alleged nor established that he has presented his claims to the BOP in the first instance and exhausted available administrative remedies as to his habeas claims. It is well-established that a federal prisoner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See United States v. Wilson*, 503 U.S. 329, 334-36 (1992); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *Stevenson*, 495 F. Supp. 2d at 666. Petitioner's claims are thus premature and unexhausted. His petition must therefore be dismissed.

III.    Conclusion

For the reasons stated, the Court concludes that Petitioner's habeas claims are premature and unexhausted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims. This case is closed.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: August 20, 2009


I hereby certify that a copy of the foregoing document was mailed to Kermit Hayden on this date, August 20, 2009, by U.S. mail.

s/William Barkholz
Case Manager

3