UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERMIT DUANE HAYDEN,

        Petitioner,

v.                                CASE NO. 09-CV-13134
                                 HON. JOHN CORBETT O'MEARA

BUREAU OF PRISONS,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

      Before the Court is Petitioner's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(6) concerning this Court's opinion and order dismissing his § 2241 habeas petition without prejudice on exhaustion grounds. Petitioner is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan who is also subject to a federal sentence. Petitioner asserts that he is sufficiently in custody to challenge his federal sentence and that he is not required to exhaust his administrative remedies.

      Although Petitioner brings his motion pursuant to Rule 60(b), his motion actually seeks reconsideration of the Court's denial of his petition. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local

1

Rule 7.1(g)(3).

Further, even considering Petitioner's motion under Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Having reviewed the matter, this Court concludes that it did not err in dismissing the petition without prejudice. First, Petitioner's action is premature as he is not currently in federal custody. *See* 28 U.S.C. § 2241(c)(1); *Stevenson v. United States*, 495 F. Supp. 2d 663, 666 (E.D. Mich. 2007); *see also United States v. Bradford*, 623 F. Supp. 2d 849, 855 (E.D. Mich. 2009). Second, it is well-established that Petitioner must exhaust his administrative remedies before seeking judicial review under § 2241. *See United States v. Wilson*, 503 U.S. 329, 334-36 (1992); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *Bradford*, 623 F. Supp. 2d at 855; *Stevenson*, 495 F. Supp. 2d at 666. He clearly has not done so. Contrary to Petitioner's argument, the Court has discretion to sua sponte dismiss a habeas action without prejudice on exhaustion grounds. *See,*

*e.g. Graham v. Snyder*, 68 Fed. Appx. 589 (6th Cir. 2003) (affirming district court's sua sponte non-prejudicial dismissal of 2241 petition for failure to exhaust administrative remedies); *see also Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987) (providing that a district court can raise the exhaustion issue sua sponte in cases brought under 28 U.S.C. § 2254 when it clearly appears that the habeas claims have not been presented to the state courts).  Petitioner has not established that relief is warranted under Rule 60(b).  He is not entitled to relief from judgment.

Accordingly,

**IT IS ORDERED** that Petitioner's motion is **DENIED**.


s/John Corbett O'Meara
United States District Judge

Date:  September 15, 2009




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 15, 2009, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager